509 So.2d 103 (1987)
CITIZENS NATIONAL BANK
v.
Warren L. COATES and Mary Jean Russell Coates.
No. 86 CA 0397.
Court of Appeal of Louisiana, First Circuit.
May 27, 1987.
T.J. Seale, III, Hammond, for plaintiff.
Deborah Gibbs, Baton Rouge, for defendants.
Before EDWARDS, WATKINS and LeBLANC, JJ.
WATKINS, Judge.
The issue before us is whether the trial court properly granted a summary judgment "in rem" against defendant Mary Jean Coates's property. Because we find a genuine issue of material fact as to whether Mrs. Coates's estranged husband and the Bank intended, after Mr. Coates had disposed of his interest in the property, to secure a loan with a collateral mortgage on the property, we reverse and remand for trial on the merits.

*104 FACTS
On August 8, 1978, Warren L. Coates and his wife, Mary Jean Russell Coates, executed a collateral mortgage and a $40,000 collateral mortgage note on their community-owned property. The following day, Warren L. Coates pledged the collateral mortgage note to Citizens National Bank to secure a loan, evidenced by a hand note, which was executed that day.
The Coateses were legally separated in March of 1981, and, as part of a community property settlement, Warren conveyed to Mary Jean all of his interest in the mortgaged property in May of 1982.
The original hand note was renewed several times, both before and after the Coateses' separation. In addition, a number of loans, including the original August 1978 loan, were consolidated in a promissory note on September 10, 1982, which was then itself renewed by a promissory note on July 14, 1983. The September 1982 note was in the amount of nearly $120,000; the July 1983 note, which is the note now sued upon, was in the amount of nearly $94,000. Each note was executed solely by Warren L. Coates.
The Bank filed suit in March of 1985 on the July 1983 note, and sought to foreclose on the collateral mortgage executed by the Coateses in August of 1978. The trial court rendered summary judgment in favor of the Bank, without supporting reasons, in November of 1985, and the Coateses appealed.

STATEMENT OF LAW
The Coateses do not dispute that Warren L. Coates is indebted to the Bank. They argue that the July 1983 promissory note was not secured by the collateral mortgage executed in August of 1978. First, they contend, Warren L. Coates had no authority to use the collateral mortgage note as collateral after he ceased to have any ownership interest in the mortgaged property. Second, they argue, the July 1983 promissory note was not intended by the parties to be secured by the collateral mortgage on property no longer owned by Warren Coates. Their third argument is that a Bank officer knew in July of 1983 that Warren had no interest in the property and acted in bad faith in agreeing to have the note secured by the collateral mortgage.
This case is before us on the granting of a motion for summary judgment. We have examined the pleadings, affidavits, and exhibits in the record,[1] and conclude that there exists a genuine issue of material fact whether the July 1983 promissory note was intended by the parties to the note to be secured by the collateral mortgage of property no longer owned by Warren Coates. LSA-C.C.P. art. 966.
The August 1978 Collateral Pledge Agreement, numbered "50353", contains a "Gorilla Clause" which creates a conclusive presumption that all future loans and advances made to Coates by the Bank would be secured by the collateral mortgage note.[2] In addition, the July 1983 promissory note indicates that Warren Coates pledged the property listed in the August *105 1978 Collateral Pledge Agreement as security.[3] The Bank also presented the affidavit of its president, Phil K. Livingston, that there was no agreement, either written or verbal, to release the Bank's rights under the Collateral Pledge Agreement.
However, Warren Coates's affidavit states that the July 1983 promissory note was executed over one year after he conveyed all of his rights in the property to Mary Jean Coates, that the Bank knew that he no longer owned any interest in the property, and that the Bank knew that he did not intend to use the property as collateral for the July 1983 loan. In the absence of any contrary deposition testimony, we believe that there exists a genuine issue of material fact whether the Bank and Warren Coates intended his July 1983 promissory note to be secured by the collateral mortgage on property he no longer had any interest in.
Accordingly, the judgment of the trial court is reversed, and the case remanded for trial on the merits.
The assessment of costs to await a final disposition.
REVERSED AND REMANDED.
NOTES
[1] Although both appellants and appellee make mention in their briefs of testimony from various depositions, these depositions do not appear in the record and cannot be considered by us. No answers to interrogatories or admissions appear in the record.
[2] "The securities described herein [the August 1978 collateral mortgage note] shall be held by the Citizens National Bank of Hammond as general collateral to secure any and all indebtedness due or to become due by the undersigned and it shall be conclusively presumed that any and all loans and advances hereafter made to the undersigned by said Bank shall have been made in accordance with and upon the security provided for in this agreement which shall remain in force and effect so long as the undersigned is indebted unto the Citizens National Bank of Hammond, and it is expressly understood that the possession of the Citizens National Bank of Hammond of any security or property of the undersigned of any character whatever shall conclusively evidence the fact that such security or property has been delivered in accordance with this agreement whether or not the same may be specifically described as contemplated herein."
[3] "The maker or makers of this note now pledge the property listed below to Citizens National Bank .... This pledge is given to secure the obligation represented by this note ... and any other indebtedness of the maker(s) of this note ..., up to the sum of $5,000,000.00.

COLLATERAL PLEDGE AGREEMENT NUMBER:
 50757 50353 50970
--------------------------------------
DATE: 6/29/82 8/9/78 4/5/79 "
 ---------------------------------

The Coateses apparently contend that the Collateral Pledge Agreement numbers were typed in by a bank employee after Warren Coates signed the promissory note.